IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

CRICKET COMMUNICATIONS, INC.,   )
                                )
     Plaintiff,                 )
                                )
v.                              )
                                )   No. 2:08-cv-02541 P
ELEIWA & SONS, INC., A/K/A      )
ELEIWA SONS, INC., D/B/A K&F    )
BEAUTY SUPPLY; E&S USA, INC.,   )
D/B/A K&F BEAUTY SUPPLY; KHALED )
ELEIWA; REZQE ELEIWA, A/K/A     )
REZEQ ELEIWA,                   )
                                )
     Defendant.                 )

_____

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS KHALED ELEIWA FROM FIRST AMENDED COMPLAINT**
_____

Before the court is defendant Khaled Eleiwa's Motion to Dismiss Khaled Eleiwa from First Amended Complaint, filed on July 23, 2009. (D.E. 36.) Plaintiff Cricket Communications, Inc. ("Cricket") filed a response to Eleiwa's motion on August 24, 2009. For the reasons stated below, Eleiwa's motion to dismiss is GRANTED.

**I.   BACKGROUND**

Cricket filed the original complaint in this action on August 22, 2008 against defendant Eleiwa & Sons, Inc. ("Eleiwa & Sons") for trademark infringement. Cricket alleged that on numerous dates Eleiwa & Sons infringed Cricket's trademark by representing that

Eleiwa & Sons was an authorized Cricket wireless communications dealer and prominently displaying the Cricket marks on signs, posters, and displays in K&F Beauty Supply stores, which were then owned by Eleiwa & Sons.  Eleiwa & Sons denied these allegations in its September 15, 2008 answer.  The parties consented to jurisdiction before the Magistrate Judge on November 12, 2008.  On June 9, 2009, Cricket filed a motion to compel (D.E. 20), and on June 16, 2009, filed a motion to amend the complaint (D.E. 24), which proposed to add Khaled Eleiwa and others as defendants.  A hearing on both motions was held before the Magistrate Judge on July 9, 2009.

The court ruled on both motions at the July 9 hearing.  (D.E. 29.)  With respect to the motion to amend the complaint, the court found good cause under Rule 16 to allow the late amendment. Cricket alleged that, following the inception of the present lawsuit, Eleiwa & Sons, through Khaled Eleiwa, transferred its assets to another corporation, E&S USA, Inc. ("E&S"), in an attempt to avoid judgment.  The court found that the allegations relating to the new defendants did not arise until after the deadlines in the scheduling order had expired.  The court, therefore, found under Rule 15 that the amendment was well taken and granted the motion.

In response to the court's order allowing amendment of the complaint to include Khaled Eleiwa in his personal capacity, Eleiwa

-2-

filed this motion to dismiss on July 23, 2009.

## II.  ANALYSIS

### A.  Standard of Review

Khaled Eleiwa's motion seeks dismissal of claims against him in the First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6).  Rule 12(b)(6) permits the court to dismiss a complaint for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  This rule requires the court to "construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief." Grindstaff v. Green, 133 F.3d 416, 421 (6th Cir. 1998).  Rule 12(b)(6) does not "require a claimant to set out in detail the facts upon which he bases his claim." Conley v. Gibson, 355 U.S. 41, 47 (1957).  However, "[t]o avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all the material elements of the claim." Wittstock v. Mark A. Van Sile, Inc., 330 F.3d 899, 902 (6th Cir. 2003).  In any complaint averring fraud or mistake, however, "the circumstances constituting fraud or mistake shall be stated with particularity."  Fed. R. Civ. P. 9(b).

All of Cricket's claims against Khaled Eleiwa appear to fall within the enhanced pleading standard of Rule 9(b).  With respect

to the three trademark infringement causes of action, Cricket asserts that

> the existence of ELEIWA & SONS and E&S as corporations has been used to work a fraud or injustice in contravention of public policy. ELEIWA & SONS is a mere instrumentality of Defendant KHALED ELEIWA, and E&S is a mere instrumentality of Defendant REZQE ELEIWA. As such, KHALED ELEIWA and REZQE ELEIWA are liable for the actions of ELEIWA & SONS and E&S described herein.

(D.E. 30 ¶¶ 88, 96, 100.) Cricket here articulates a theory of piercing the corporate veil. "'When a cause of action seeks to pierce the corporate veil on the basis of fraud, it is subject to Fed. R. Civ. P. 9(b).'" Se. Tex. Inns, Inc. v. Prime Hospitality Corp., 462 F.3d 666, 672 (6th Cir. 2006) (quoting Bd. of Trustees of Teamsters Local 863 Pension Fund v. Foodtown, Inc., 296 F.3d 164, 173 n.10 (3d Cir. 2002)).

With respect to the fourth cause of action, a violation of Tennessee's Fraudulent Transfer Act, "[w]hile the Sixth Circuit has not ruled on Tennessee's enactment of the Uniform Fraudulent Transfers Act, it appears that Rule 9(b) would apply, as the Sixth Circuit has previously subjected Ohio's enactment of the UFTA, which is identical to Tennessee's enactment . . . to this heightened pleading standard." United States v. Buaiz, No. 3:07-cv-83, 2008 WL 5204147, at *2 (E.D. Tenn. Dec. 11, 2008) (applying Rule 9(b) to allegations of fraudulent conveyance under Tennessee's Uniform Fraudulent Transfers Act).

Finally, with respect to the fifth cause of action, civil

conspiracy, "a heightened level of specificity should be required for the Plaintiffs to plead their conspiracy claim." Hagen v. U-Haul Co. of Tenn., 613 F. Supp. 2d 986, 997 (W.D. Tenn. 2009) (applying the heightened pleading requirement of Rule 9(b) to complaint where it appeared that fraud was an implicit part of the plaintiff's contention).

**B.    First Amended Complaint**

In its response, it appears that Cricket has overlooked the requirements of Rule 9(b), and instead focuses only on Rule 12(b)(6). Cricket does not discuss Rule 9(b) in its memorandum in opposition to Khaled Eleiwa's motion to dismiss, despite the fact that the motion to dismiss is in large part based on the requirements of Rule 9(b). Cricket asserts that a "'heightened fact pleading of specifics' is not required to survive a motion to dismiss." (D.E. 45 at 5.) While that may be true as a general matter, Rule 9(b) and the cases discussed above require Cricket to "state with particularity the circumstance constituting" the causes of action that Cricket has alleged against Khaled Eleiwa in the First Amended Complaint.

"[U]nder Rule 9(b), a plaintiff must 'allege the time, place, and content of the alleged misrepresentation . . . the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.'" United States ex rel. SNAPP, Inc. v. Ford Motor Co., 532 F.3d 496, 504 (6th Cir. 2008) (quoting United

States *ex rel*. Bledsoe v. Cmty. Health Sys., Inc., 501 F.3d 493, 504 (6th Cir. 2007)).  "While a plaintiff need not include precise quotations of the misrepresentations that allegedly constituted fraud, providing the specific factual assertions underlying the fraud is helpful in affording the defendants requisite notice." Hagen, 613 F. Supp. 2d at 996 (citing Michaels Bldg. Co. v. Ameritrust Co., N.A., 848 F.2d 674, 679 (6th Cir. 1988)).

In Hagen v. U-Haul Co. of Tennessee, 613 F. Supp. 2d 986 (W.D. Tenn. 2009), this court found that the plaintiff's complaint was "simply too vague as to the 'who, what, where, and when' of the fraud to meet the particularity requirement."  Id. at 996 (citing Gen. Elec. Co. v. Latin Am. Imports, S.A., 187 F. Supp. 2d 749, 754 (W.D. Ky. 2001)).  The same is true of Cricket's First Amended Complaint.  Although the complaint brings claims against multiple defendants – including Khaled Eleiwa, his father, Rezqe Eleiwa, Eleiwa & Sons, and E&S – the complaint often refers to them in the plural sense, not specifying the particularities of the conduct of each defendant.  In addition, the allegations are not of sufficient specificity to satisfy Rule 9(b) because they do not allege the time, place, and content of the fraudulent conduct, in other words, the "who, what, where, and when."  Therefore, the complaint has not afforded Khaled Eleiwa with the notice required under Rule 9(b), and accordingly the motion to dismiss is GRANTED.

### III.  CONCLUSION

For the reasons above, Khaled Eleiwa's motion to dismiss is GRANTED.  However, Cricket may file a Second Amended Complaint that satisfies the heightened pleading standard of Rule 9(b) within fifteen days from the entry of this order.

IT IS SO ORDERED.

<pre>
                              S/ Tu M. Pham                 
                              TU M. PHAM
                              United States Magistrate Judge

                              November 10, 2009             
                              Date
</pre>